### McCARGO v. JERGENS et al.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

JUDGMENT (§ 603*)—RES JUDICATA—ISSUES CONCLUDED.

Defendants executed a contract by which, in consideration of a transfer of certain stock and the execution of certain releases by plaintiff, they agreed to pay plaintiff $5,000 cash, $1,000 January 18, 1907, $2,000 January 18, 1908, and $2,000 January 18, 1909, and to obtain and continue plaintiff's employment as manager of an institute for five years at a salary of $5,000 for the first year and $6,000 per year for the remainder of the term, to terminate, however, in the event of plaintiff's death or the termination of his employment for his fault. Plaintiff was discharged in December, 1904, and sued for damages for breach of contract to employ plaintiff and for the cash installment due in 1907. The answer alleged that plaintiff was discharged for his own fault and had forfeited his right to the deferred cash payments. Judgment was rendered, not only for the damage alleged, but for the $2,000 due January 18, 1908, which was subsequently stricken by modification of the judgment on appeal because that amount had not accrued until after the commencement of the action. *Held*, that plaintiff's original action, though in form one for damages for breach of contract, was in its essence an action for services, and that, while the judgment therein was conclusive that plaintiff's discharge was without his fault, it was no bar to a subsequent action for installments subsequently accruing under the contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1118; Dec. Dig. § 603.*]

Appeal from Special Term, New York County.

Action by Peyton R. McCargo against Andrew Jergens and another. From an order granting plaintiff's motion for a judgment on the pleadings and from a judgment entered thereon, defendants appeal. Affirmed.

See, also, 143 App. Div. 930, 128 N. Y. Supp. 1133.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued · before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

George W. Schurman, for appellants.
Eliphalet W. Tyler, for respondent.

SCOTT, J. The action is for the sum of $2,000 alleged to have become due to plaintiff on January 18, 1908, under a written contract which is annexed to and made part of the complaint. By this contract, dated January 16, 1904, the plaintiff agreed: (1) To transfer to defendants one share of stock in the Woodbury Dermatological Institute of New York; (2) to release the Andrew Jergens Company from all agreements entered into prior to the date of the contract; (3) to release all claims to a contract wherein the Andrew Jergens Company agreed to pay to plaintiff all dividends on 20 shares of stock of the Woodbury Dermatological Institute for a period of eight years from January 13, 1902; and (4) to resign as director and president of the Woodbury Institute on the written request of the defendants.

In consideration of these acts to be performed by plaintiff, and which have been performed, the defendants agreed: (1) To pay plaintiff $5,000 in hand; (2) to pay him $1,000 on January 18, 1907, $2,000 on January 18, 1908, and $2,000 on January 18, 1909, all of said sums to bear interest from the date of the contract payable annually; and (3) to obtain and continue the employment of plaintiff as manager of the John H. Woodbury Dermatological Institute for a term of five years at a salary of $5,000 for the first year and $6,000 per year for the next four years, plaintiff agreeing to devote his entire time and use his best efforts in the performance of the duty imposed upon him under such employment. It was further provided that in the event of the death of plaintiff, or the termination of said employment *for his fault,* then the said three, four, and five year payments above provided for, so far as the same have not become payable, shall become null and void; but otherwise said payments shall be made when due.

The present action is to recover the installment of $2,000, which by the terms of the contract became due and payable on January 18, 1908. Both parties plead and rely upon a judgment in a former action between them, and the determination of this appeal rests upon the effect to be given to that judgment. That action was begun on March 8, 1907, before the installment now sued for became payable. The complaint in that action set forth the contract above referred to and alleged that defendants had so far fulfilled it as to pay to plaintiff the down payment of $5,000 and had obtained and continued the employment of plaintiff, as required by the terms of said contract, and that plaintiff had received from the Woodbury Institute the sum of $5,000 for services rendered to said Institute up to and including on or about the 1st day of January, 1905; that plaintiff had performed all the terms of the contract by him to be performed, and had duly devoted his entire time and used his best efforts in the performance of the duties imposed upon him by said institute under his said employment. It was further alleged that in the month of December, 1904, the said Woodbury Institute discharged plaintiff from

said employment *without his fault,* and that said discharge was with the knowledge, consent, acquiescence, connivance, and procurement of defendants. The judgment demanded was for the damages resulting from the breach of defendants' agreement to continue plaintiff in the employment of the institute, and for the $1,000 cash installment which by the terms of the contract became payable on January 18, 1907, and for interest upon the deferred cash payments, aggregating $5,000. The answer put in issue the allegation that plaintiff's discharge was without his fault, and alleged, on the contrary, that he had been discharged for his fault and for·good cause. This was the determinative issue in the action because, by the terms of the contract, if plaintiff's employment by the Woodbury Institute had been terminated "for his fault," he would have forfeited not alone his right to be employed, but also his right to receive the deferred cash payments. The action resulted in a judgment for plaintiff not only for the items of damage specified in his complaint, but also for the sum of $2,000, now sued for, which, although not embraced in the complaint, had become·payable before the date of the trial. This judgment was modified by this court by striking out this sum of $2,000 with interest, upon the ground "that said item was not alleged in the complaint and did not accrue until after the commencement of the action." 135 App. Div. 921, 120 N. Y. Supp. 1133. The plaintiff having consented to the modification, the judgment, as modified, was affirmed. An appeal to the Court of Appeals was dismissed on the ground "that the action was one for services, and therefore not appealable to the Court of Appeals." 198 N. Y. 551, 92 N. E. 1090.

The defendant in the present action, besides setting up the foregoing judgment, reiterates the allegations·made in the former action to the effect that plaintiff's discharge was "for his fault," and therefore justified.

The plaintiff pleads the former judgment as conclusive evidence that the discharge was without his fault, and therefore that his right to recover the cash installment now sued for remains unimpaired. Hence he argues that the only debatable question respecting his right to recover has been finally and conclusively established in his favor.

The defendants rely upon the former judgment as a bar to any further action by plaintiff for breach of the contract annexed to the complaint. Their position is that that contract was an entire indivisible one for services, and that for the breach of such a contract but one action for damages can be maintained. Hence they argue that plaintiff's former action for its breach necessarily covered all his damages present and prospective, and is effective as a bar to any further action upon the same contract. Much stress is laid upon the ground given for dismissing the appeal to the Court of Appeals, which, as has been said, was that *the action* was one for services. The Court of Appeals was not, however, called upon to construe and did not construe *the contract,* and did not hold that it was one exclusively for services. An examination of the contract shows that it was far from being one exclusively for services. The plaintiff agreed to do (and has done) various things, and for so doing defendants agreed to make him cer-

tain cash payments, and in addition to procure him employment by and continue him in the employment of a third party, the Woodbury Institute. The defendants thus became practically guarantors that plaintiff would be retained in the employ of the Woodbury Institute for five years, and the breach of contract for which plaintiff sued in the former action was that defendants had failed to secure his continuance in that employment. His *action* upon that breach, although in form one for damages for breach of contract, was in essence an action for services. The *contract,* however, embraced much more than services to the Woodbury Institute on the one hand, and employment by that institute on the other. There were things to be done by plaintiff not embraced in the term "services," and considerations to be paid by defendants besides the undertaking to obtain and continue employment. The cash payment now sued for was quite an independent consideration from the undertaking to continue plaintiff in the employment of the Woodbury Institute, and since it was not due when the former action was commenced, could not be included in it. We are therefore of the opinion that the judgment in the former action is not a bar to the prosecution of this action, but that, on the contrary, it is a conclusive adjudication that plaintiff's discharge by the Woodbury Institute was without his fault. As the only events which, under the contract, could destroy his right to receive the cash installment now sued upon, were either his death, or his discharge for his fault, it follows that he is entitled to recover, and judgment in his favor was properly ordered on the pleadings. The questions of practice discussed upon the briefs do not affect the merits and need not be considered.

Judgment and order appealed from affirmed, with costs. All concur.